H. C. WORD v. THE STATE.

No. 8786.    Delivered April 29, 1925.

Rehearing denied State June 10, 1925.

1.—Embezzlement—Charge of Court—Circumstantial Evidence—Error.

Where on a trial for embezzlement the State failed to prove by any direct evidence that the appellant appropriated or converted the alleged embezzled property to his own·use, and such a conclusion was but an inference from circumstances, the case is one depending upon circumstantial evidence alone, and the court erred in failing to so charge the jury.

2.—Same—Evidence—Irrelevant Facts—Not Admissible.

That the storage house in charge of appellant at Olney, burned on the 12th of July was in no way relevant to any issue on the trial of appellant under a charge of embezzlement of sugar, and was improperly admitted in evidence.

3.—Same—Continued.

And so it was also improper for the state to ask the same witness if he was not arrested and charged with burning the storage house, and if he had not testified before the grand jury that appellant had hired him to burn it, although answered in the negative by witness, could not but have been hurtful in its effects upon this jury, and should not have been permitted.

4.—Same—Argument of Counsel—Held, Improper.

The argument of the District Attorney in his closing address, calling the attention of the jury to the fact that the grand jury, after a week's careful investigation had charged appellant with this offense by indicting him, and by waving the indictment in the faces of the jury, was very improper, and was not warranted as a reply to the argument of the defense. To discuss before the jury the fact of the indictment is never permissible. An indictment is no evidence of the defendant's guilt.

Appeal from the District Court of Young County.    Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of embezzlement; penalty, two years in the penitentiary.

The opinion states the case.

*Binkley & Binkley, Marshall & King,* for appellant.

*James V. Allred, Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Young County of embezzlement, and his punishment fixed two years in the penitentiary.

Appellant was a salesman for the McCord Company, a wholesale grocery concern with headquarters at Fort Worth. Appellant's trade territory embraced the town of Olney, at which place his employers maintained a storage house to which they shipped goods in carload lots and from which orders taken by him were filled. There are sharp contentions over the method and manner of doing business, it being contended by the State that appellant had no right to deliver goods to any customers except upon orders that had been forwarded to the office at Fort Worth and there received approval. Appellant and his witnesses testified that goods were constantly being delivered by him and under his direction from said warehouse to customers whose orders had not been forwarded to the home office for approval, and in some cases it was in testimony that goods were sold to parties whose credit was believed by appellant to be good, which were delivered without any knowledge or sanction of the home office whatever, but which were afterwards paid for and the money accepted and received by the home office with knowledge. We have been given much concern over the question as to whether the facts in evidence meet the requirement of the law with regard to proof of a guilty intent. It seems that two cars of sugar and syrup were forwarded to the Olney house by the McCord Company in the summer. In June appellant went to a customer named Brand, told him he was long on sugar and sold him 100 sacks of that commodity. The sugar was delivered on the 27th of June, the agreement being that the purchaser should pay for it as it was sold by him until he had sold half of it, at which time he was to pay for it all. The storage house at Olney burned on the 12th of July. Up to that time the customer had made to appellant three payments on the sugar account, which moneys appellant claims to have been holding until such time as half of the sugar had been sold, when he claims he intended to report the sale and forward the money. Following the fire the McCord Company sent a man up into appellant's territory and the sale of the sugar to Brand was discovered and investigated, and said company asserted that appellant had no right to make such a sale and they demanded of Brand that he either pay them in full for the sugar, or that he pay for the amount which he had sold and return to them the remainder. He agreed to the latter proposition and they took back 59 sacks and he paid them for the

balance. Appellant then returned to Brand the money which had been paid to him by Brand on the sugar account.

The court did not charge the jury on circumstantial evidence, it apparently being the idea of the trial court that one Florence was an accomplice and that his testimony took the case out of the realm of circumstantial evidence. In this we think the learned trial judge fell into error. Brand testified that the sale of the sugar was made in the open market by appellant and that other parties were present. No witness testified that appellant appropriated or converted the sugar to his own use. Such conclusion was but an inference from circumstances. Florence was the transfer man who hauled the sugar from Olney to Brand's store in his trucks and nothing in his testimony could be construed as any direct testimony, if indeed any at all, of appellant's conversion of the sugar. A special charge on the law of circumstantial evidence was asked and refused, and in our opinion it should have been given.

There are other matters appearing in the record which we do not discuss at length. We are unable to perceive the relevance of the proof made by the State that the storage house at Olney burned on the 12th of July. The manner in which that fact was brought out of the State witness Florence in his direct examination, and the further fact that he was asked if he was not arrested and charged with burning the storage house, and if he had not testified before the grand jury that appellant had hired him to burn it,—all of which he denied, could have been but hurtful in its effect upon this jury. As we read the record there is nothing in it suggesting that appellant had any connection whatever with the fire, nor that the fact of such fire was material or relevant to the proposition of appellant's conversion of the sugar, if any.

During the trial it is evident that contention was being made on appellant's behalf that he was being prosecuted by the McCord Company for the purpose of collecting money from him, to affect the credit given to the officers, etc., of said company who were witnesses. Serious complaint is made of an argument by the district attorney in which he took the indictment and held it before the jury and in effect stated to them that a grand jury who had spent days and weeks investigating this case and who were acting under the direction of the court, were the parties who were responsible for the prosecution of appellant, and that he wanted them to understand that he was doing this in reply to the insinuations that the McCord Company had anything to do with the prosecution. We doubt whether this was a reply, or a fair reply, to the contentions of appellant's counsel in regard to the parties who were pushing the prosecution. Certainly the fact that an indictment had been returned by a legally constituted grand jury would not negative the..

issue of any activity of said company. The evidence in the case could only be looked to in determining that proposition. The return of an indictment is not to be considered by a jury as evidence of guilt. However, these matters will not likely occur upon another trial, if there should be one.

For the error of the court in regard to the matter of circumstantial evidence above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—The State insists that this is not a case on circumstantial evidence for the reason, as urged, that the only issue dependent on that character of testimony is the intent of the accused in the premises. A number of authorities are cited and we have no doubt of the correctness of the proposition that when the facts constituting the crime are all established by direct testimony, except the matter of intent when a proper issue, that the case would not be one dependent on circumstantial evidence. The trouble is that we are unable to apply the authorities to this particular case.

Appellant was the agent of a wholesale concern whose goods had been shipped to the territory assigned to him and were there in his possession, care, control and management. It was his business to sell such goods. He did in fact sell 100 sacks of sugar and it was delivered to the purchaser who had paid to appellant a part of the purchase price. The rule of the company employing appellant, that all sales must be referred to them for ratification before delivery, had been violated by appellant in other instances occurring before the transaction here involved, and he had not been discharged. The defensive theory was that he had not reported this particular sale because technically in violation of his instructions, but that he was collecting and holding the money resulting from such sale until the goods sold should have been paid for, when he expected to remit to the company. We are at loss to know what particular act of appellant appears in the record, proven by positive testimony, which could be held to establish appropriation or conversion so as that only the issue of intent might be deemed necessary of solution by circumstantial evidence. We confess our inability to answer the question. Could such act be said to arise from appellant's negotiation to sell Mr. Brand the sugar? Was it his hiring of the truckman to deliver the sugar to Brand? Was it appellant's failure to report the sale? Could it be that his collection of installment payments on the sugar was such act? If the sale was in fact to the merchant Brand in good faith, and if the delivery was in

line therewith, and if the contract was that Brand was not to pay for all of .the sugar until half of it was sold, and if the payments made, during the ` thirteen days intervening between the delivery of the sugar and the repudiation by appellant's employer, were not remitted to the employer by appellant,—if any of these could be held to amount to the act constituting the crime, there might be something in the State's contention, but, as we view the matter, no witnesss swore to any act or fact which would establish the appropriation or conversion of the sugar. Each act proven against appellant might be considered by the jury as sufficient to form a link in a chain of circumstances leading to the conclusion of guilt, or, on the contrary, they might repudiate the inference arising from said circumstances, but in our opinion there is· no doubt but that the case is one of circumstantial evidence.

The motion for rehearing will be overruled.

*Overruled.*